IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN MICHAEL ASSOCIATES, INC.,

    Plaintiff,

    v.

BLUESTEM MANAGEMENT
ADVISORS LLC et al.,

    Defendants.

Case No. 22-2055-HLT-RES

## MEMORANDUM AND ORDER

Defendants BlueStem Management Advisors LLC, BlueStem Health Care LLS, and Thomas Johnson (collectively "Defendants") move to strike portions of Plaintiff John Michael Associates, Inc.'s ("JMA") complaint and an accompanying exhibit because they purportedly reference confidential settlement communications and other immaterial information. ECF No. 15. JMA opposes the motion. For the reasons explained below, the motion is denied.

### I. BACKGROUND

Highly summarized, the claims in this case stem from JMA's alleged business dealings with Defendants for the purchase of SkyMed nitrile gloves. *See generally* ECF No. 1. JMA filed this case on February 7, 2022, asserting claims against Defendants for breach of contract and breach of the duty of good faith and fair dealing (Count I), unjust enrichment (Count II), fraud (Count III), and negligent misrepresentation (Count IV). *Id.* at 26-31, ¶¶ 162-88. On March 30, 2022, Defendants filed their answer and subsequently filed a motion to strike paragraphs 155-157 of JMA's complaint and Exhibit C, arguing that they contain confidential settlement

communications and other information that is immaterial to JMA's claims and prejudicial to Defendants. *See generally* ECF No. 15. Paragraphs 155-157 state in their entirety:

> 155. On July 21, BlueStem's law firm Spencer Fane sent a letter to JMA, attached as **Exhibit C**.
>
> 156. The letter was not an explanation of the status of the SkyMed refund. Instead it was a "settlement communication," adversarial in nature, taking the position that JMA could not cancel as it did on June 15 and JMA had no right to refund of its deposit even though Bluestem had failed to supply gloves which the deposit secured.
>
> 157. After receiving the letter, JMA discussed return of JMA's deposit by BlueStem with BlueStem's attorney. BlueStem's attorney represented that BlueStem only had to provide SkyMed a deposit of 30% of the purchase price of the gloves in order for SkyMed to begin production.

ECF No. 1 at 24-25, ¶¶ 155-57. As referenced in paragraph 155, Exhibit C is a July 21, 2021 letter to JMA from Defendants relaying Defendants' position and proposing a resolution of the dispute. ECF No. 1-3. The subject line of the letter states that it is "Settlement communication subject to FRE 408 and/or K.S.A. 452." *Id.* at 1.

To facilitate a prompt and efficient resolution of this issue, on March 31, 2022, the Court expedited briefing on the motion but directed all parties first to meet and confer on or before April 5, 2022. ECF No. 17. Despite the order obligating both parties to meet and confer by April 5th, it does not appear that either party made any attempt to comply with the Court's deadline.

Instead, JMA states that after not hearing from Defendants, counsel for JMA attempted to reach counsel for Defendants on April 6, 2022, by leaving a voicemail message for counsel at 8:30 a.m. ECF No. 21 at 1. As of April 8, when JMA filed its response brief, Defendants had not returned JMA's call, and the parties had not met and conferred. In reply, Defendants state that the parties did meet and confer on April 15, 2022, ten days after the Court's deadline. Defendants' Reply provides no explanation for this failure to comply with the Court's Order. ECF No. 22 at

1. The parties were unable to resolve the issue during their untimely meet and confer, and Defendants' motion to strike is now before the Court.

The Court notes that failure to comply with meet-and-confer obligations subjects a motion to denial. *See generally LoganTree LP v. Garmin Int'l, Inc.*, 339 F.R.D. 171, 180 (D. Kan. 2021) (proposed motion to compel subject to denial for failure to adequately meet and confer as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2); *see also LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003) (noting the court's inherent power to select the appropriate sanction when a party fails to comply with a court order). The fact that meet-and-confer obligations are imposed by court order rather than by procedural rules does not render the obligation any less mandatory. But the Court will address this Motion solely on its merits.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) applies equally to exhibits to a pleading. *See Nkemakolam v. St. John's Mil. Sch.*, 876 F. Supp. 2d 1240, 1246-47 (D. Kan. 2012) (striking exhibits under Rule 12(f) that did not comply with Rule 10(c), which makes clear that "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").[1]

Motions to strike in this District are disfavored. *See Harrington v. Kansas*, No. 20-04081-HLT-KGG, 2021 WL 860947, at *2 (D. Kan. Mar. 8, 2021). Courts generally "decline to strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party." *Id.* (quoting *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1257

---

[1] Unlike *Nkemakolam*, Defendants do not ask the Court to strike Exhibit C for failure to comply with Rule 10(c).

(D. Kan. 2011)). "Courts usually deny motions to strike absent a showing of prejudice against the moving party." *Palmer v. Shawnee Mission Med. Ctr., Inc.*, No. 16-2750-DDC-GLR, 2017 WL 5629624, at *2 (D. Kan. Nov. 22, 2017). Moreover, if the pleaded facts at issue "aid in giving a full understanding of the complaint as a whole, they need not be stricken." *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215-16 (D. Kan. 1998).

Although the Court has discretion as to whether to grant a motion to strike, it must resolve "[a]ny doubt as to the utility of the material to be stricken . . . against the motion to strike." *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F. Supp. 2d 1092, 1101 (D. Kan. 2007). The party moving to strike has a "demanding burden." *Sawo v. Drury Hotels Co., LLC*, No. 11-CV-2232-JTM-GLR, 2011 WL 3611400, at *2 (D. Kan. Aug. 15, 2011).

## III.   DISCUSSION[2]

Defendants ask the Court to strike paragraphs 155-157 and Exhibit C from JMA's complaint for three reasons. *First,* Defendants argue that the complaint "improperly references and attaches confidential settlement communications that are protected by Fed. R. Civ. P. 408." ECF No. 15 at 2.[3] *Second,* Defendants argue that these paragraphs and Exhibit C are immaterial

---

[2] Although not addressed by the parties, the Court finds that Defendants' motion is timely. Rule 12(f)(2) states a party can move to strike "*before* responding to the pleading, or if a response is not allowed, within 21 days after being served with the pleading." (emphasis added). In this case, Defendants filed their answer immediately before moving to strike—filing the answer at 5:47 p.m. on March 30, 2022, and then filing the motion to strike at 5:49 p.m. Judges in this District have declined to deny Rule 12(f) motions to strike as untimely when they are essentially filed simultaneously with the answer. *See, e,g., Kaufman v. Cent. RV, Inc.*, No. 21-2007-SAC-ADM, 2021 WL 809293, at *1-2 (D. Kan. Mar. 3, 2021) (declining to deny as untimely a Rule 12(f) motion filed four minutes after the answer and noting that Rule 12(f) also empowers the court to sua sponte strike portions of a pleading); *Nkemakolam*, 876 F. Supp. 2d at 1246 (declining to deny a motion to strike filed seven minutes after the answer, noting that the filings were "essentially simultaneous").

[3] While the Parties disagree over whether or not these paragraphs and Exhibit C should be characterized as settlement communications pursuant to Rule 408, ECF No. 22 at 2, for the purposes of this Order, the Court assumes that they are settlement communications.

4

to the claims. *Third,* Defendants claim the material is prejudicial. For the reasons explained below, Defendants have not carried their burden to show that these three paragraphs and Exhibit C should be struck.

### A.     Federal Rule of Evidence 408

Defendants' primary argument is premised on Federal Rule of Evidence 408, which provides that evidence of a compromise or communications relating to attempts to compromise are inadmissible into evidence "to prove or disprove the validity or amount of a disputed claim or to impeach by prior inconsistent statement or contradiction." Fed. R. Evid. 408(a). Rule 408, however, does not always bar the admissibility of settlement communications. Rule 408(b) lists the exceptions to this rule, including that the "court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

As JMA correctly notes, judges in this District are disinclined to strike portions of a pleading that may implicate Rule 408, finding that the analysis is premature and better raised at the summary-judgment stage or through a motion in limine if the case proceeds to trial. *See, e.g., Northern Nat. Gas Co. v. L.D. Drilling, Inc.*, No. 6:08-CV-01405-JTM, 2017 WL 1048365, at *2 (D. Kan. Mar. 20, 2017) (denying a motion to strike even though "the admissibility of such material under Rule 408 appears questionable"); *Sawo*, 2011 WL 3611400, at *2 ("Rule 408 disputes are more appropriately resolved in the context of a motion in limine instead of prematurely through a Rule 12(f) motion."); *see also Johnson v. Proctorio Inc.*, No. CV-21-00691-PHX-DLR, 2022 WL 621766, at *1 (D. Ariz. Mar. 3, 2022) (noting that courts disagree about whether Rule 408 evidentiary objections may be raised in a Rule 12(f) motion to strike and finding that the better view is that they cannot). These opinions have reasoned that Rule 12(f) was not designed to allow

parties to obtain advance rulings on the admissibility of evidence. *Northern Nat. Gas Co.*, 2017 WL 1048365, at *2.

Notably, Defendants do not argue that the settlement communications at issue would be inadmissible for any purpose. At most, Defendants argue that Rule 408 potentially might be implicated at a later stage of this case should JMA seek to introduce evidence of an offer to compromise to prove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement. They have not shown a basis at this stage to strike paragraphs 155-157 or Exhibit C solely based on Rule 408.

### B. Immateriality/Unnecessary Particulars

Although Defendants' motion relies primarily on Rule 408, Defendants additionally allege that paragraphs 155-157 and Exhibit C are immaterial to Plaintiff's claims and/or include "unnecessary particulars" that should be struck. ECF No. 15 at 3. A matter is "immaterial" if it has "no essential or important relationship to the claim for relief" or if it amounts to "a statement of unnecessary particulars in connection with that which is material." *Dean v. Gillette*, No. 04-2100-JWL-DJW, 2004 WL 3202867, at *1 (D. Kan. June 8, 2004). The Court conducts a relevance inquiry to determine whether the allegations are immaterial. *Kaufman*, 2021 WL 809293, at *2 (citing *Jenkins v. City of Las Vegas*, 333 F.R.D. 544, 548 (D.N.M. 2019) for its proposition that "Courts in this Circuit treat this as a relevance inquiry.").

JMA provides at least an arguable explanation of how these paragraphs and Exhibit C are relevant and relate to the controversy. JMA contends that the Complaint's paragraphs must be read in the context of the other factual allegations, which concern Defendants' purported attempts to investigate and potentially secure a refund of JMA's deposit from the overseas manufacturer of

6

the gloves. ECF No. 21 at 2. JMA alleges that Defendants represented that the refund of the deposits would "occur in two weeks from the end of March 2021. *Id.* at 3.

JMA argues that the paragraphs and Exhibit C are relevant to Plaintiff's claims regarding the timing of the overseas' manufacturer's return of JMA's deposits. *See* ECF No. 1 at 28, ¶ 176(g); *id.* at 30, ¶ 183(g). For example, paragraph 154 details JMA's repeated communications with Defendants regarding the status of the return of the deposits and Defendants' purported promises to recover the deposits from the overseas manufacturer. ECF No. 1 at 24, ¶ 154. JMA states that paragraphs 155-157, which also reference and incorporate Exhibit C, are included to account for Defendants' response to JMA's request for the return of its deposits, not as evidence to prove or disprove the validity or amount of a disputed claim. JMA argues that Exhibit C was the "long-awaited communication from Defendants' lawyers, which instead of reporting on refund efforts, told JMA that it was not entitled to a refund and threatened that JMA had breached its obligations to Defendants." ECF No. 21 at 3.

JMA also contends the paragraphs and Exhibit C are directly relevant to its claim of a breach of the duty of good faith and fair dealing. *See* ECF No. 1 at 26, ¶ 166 ("JMA demanded return of the deposit amounts held by BlueStem, but BlueStem refused and BlueStem still holds $1,060,500 in JMA's deposit funds, further breaching the agreement and its duty of good faith and fair dealing.").

In response, Defendants' arguments fail to carry their heavy burden to overcome JMA's explanation of how these allegations and Exhibit C are relevant and relate to the controversy. Ultimately, Defendants essentially disagree with JMA's characterization, noting that JMA does not explain why it was necessary to provide the specific statements made during confidential settlement communications. Rather than arguing exactly what portions of Exhibit C should have

7

been redacted, Defendants continue to demand that the Court "strike Exhibit C in its entirety." ECF No. 22 at 4.

While JMA certainly could have phrased these paragraphs so as not to implicate an offer to compromise—including filing a redacted version of Exhibit C or simply summarizing the relevant portions in the complaint—Rule 12(f) does not require a party to draft a pleading in the narrowest manner. Striking the paragraphs and Exhibit C in whole would omit from the complaint allegations that appear at least arguably relevant on this record. Because of this, the Court does not find that JMA has carried its heavy burden to show the disputed material amounts to unnecessary particulars that render paragraphs 155-157 and Exhibit C immaterial.

Defendants' lone citation to *Foster v. Pfizer Inc.*, No. 00-1287-JTM, 2000 WL 33170897 (D. Kan. Dec. 12, 2000), does not require a different conclusion. In that case, the court found that certain paragraphs in the complaint were simply "argumentative rather than 'background' allegations" and such paragraphs implied "some illegal or immoral conspiracy between FDA and Pfizer." *Id.* at *4. The court ultimately struck a series of facially irrelevant paragraphs, including paragraphs referencing other lawsuits, paragraphs containing "some convoluted evidentiary argument" and "veiled references to the Columbine tragedy and the murder of Phil Hartman [that] are merely attempts to sensationalize this complaint for publicity purposes." *Id.* at *3-4. There are no similar issues here.

To be clear, by finding that Defendants have not established immateriality, the Court is in no way ruling on whether or to what extent any settlement communications may be admitted into evidence. That determination is left for the District Judge to resolve at a later stage. The Court simply finds that Defendants have not carried their heavy burden to show the paragraphs and Exhibit C should be struck.

8

## C.     Prejudice to Defendants

Even if Defendants had shown immateriality, the Court does not find prejudice on this record—an additional basis to deny the motion. *Kirby v. Broken Skull Trucking Inc.*, No. 21-1238-JWB-GEB, 2022 WL 392298, at *3 (D. Kan. Feb. 9, 2022) ("Most courts consider immateriality alone to be insufficient to trigger the drastic remedy of striking parts of a pleading; the allegation *must also be* prejudicial to the moving party." (internal quotations omitted)).  This District and most others require the moving party to show that the allegations are prejudicial in addition to the grounds set out in Rule 12(f). *See Kirby*, 2022 WL 392298, at *3 (describing the prevailing view in the District as requiring a showing of prejudice and citing cases); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. Apr. 2022 update) (explaining that most courts require a showing of significant prejudice to one or more parties to the action). "Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *Dean*, 2004 WL 3202867, at *1.

Defendants argue that paragraphs 155-157 and Exhibit C are highly prejudicial because confidential settlement communications have long been protected to avoid "confusing or misleading a jury." ECF No. 15 at 2, ¶ 4.  According to Defendants, allowing the communications could "taint potential jurors and paint Defendants in an unfavorable light." *Id.*

As explained above, however, the Court is not ruling on admissibility at this stage. Allowing the paragraphs and Exhibit C to remain in no way forecloses Defendants from moving to exclude certain matters from evidence at the appropriate time.  Because Defendants' showing of prejudice primarily hinges on admissibility to a jury—rather than prejudice by virtue of JMA having pleaded certain facts and incorporating Exhibit C—JMA has not shown prejudice on this

record. Moreover, Defendants do not support their claim that this could somehow "taint potential jurors" or that merely being portrayed in an unfavorable light is enough to require the drastic remedy of striking these portions of Plaintiff's complaint. *See Volking v. Airxcel, Inc.*, No. 22-1046-DDC-KGG, 2022 WL 843501, at *2 (D. Kan. Mar. 22, 2022) ("It is well-established, however, that striking language from a pleading under Fed. R. Civ. P. 12(f) because it is immaterial, impertinent, or scandalous is disfavored as a drastic remedy." (internal citations and quotations omitted)). Accordingly, Defendants' motion is denied on this ground as well.

## IV.  CONCLUSION

For the reasons explained above, Defendants' Motion to Strike (ECF No. 15) is **DENIED.**

**IT IS SO ORDERED.**

Dated April 21, 2022, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge